IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION


| | | |
|---|---|---|
| ANDREW RIVERS, | ) | CIVIL ACTION 4:11-01386-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |


This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended,

42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of

Social Security, denying Plaintiff's claim for Supplemental Security Income (SSI).  The only issues

before the Court are whether the findings of fact are supported by substantial evidence and whether

proper legal standards have been applied. Upon consent of the parties, this case was referred to the

undersigned for the conduct of all further proceedings and the entry of judgment.


## I.  PROCEDURAL HISTORY

The Plaintiff, Andrew Rivers, filed applications for  SSI on November 10, 2009, alleging

disability beginning September 10, 2009. His applications were denied at all administrative levels,

and upon reconsideration. A hearing was held before the Administrative Law Judge ("ALJ") on

September 28, 2010.  The Plaintiff was present and gave testimony.  The ALJ issued an unfavorable

decision on October 22, 2010, finding Plaintiff was not disabled. In this decision, the ALJ found the following:

1.  The claimant has not engaged in substantial gainful activity since November 10, 2009, the application date (20 CFR 416.971 *et seq*.).

2.  The claimant has the following severe impairments: post traumatic stress disorder ("PTSD") and schizophrenia (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations; limited to simple, routine, and repetitive tasks and can have no ongoing interaction with the public.

5.  The claimant is capable of performing past relevant work as a dishwasher. This work does not require the performance of work related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6.  The claimant has not been under a disability as defined in the Social Security Act, since November 10, 2009, the date the application was filed. (20 CFR §§ 416.920(f)).

(Tr. 10-16).

Plaintiff filed a timely request for review of the hearing decision. The Appeals Council denied the request, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  (Tr. 1-4). The Plaintiff now brings this action asserting the ALJ committed reversible error by:

1.  Performing an incomplete Listing analysis;

2.      Performing a flawed credibility analysis; and,

3.      Failing to explain the weight given to opinion evidence.

(Plaintiff's memorandum).


## II.  DISABILITY ANALYSIS

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to:  (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law.  Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978).  "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 390.  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).   The Court's scope of review is specific and narrow.   It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence.  42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established.  Five questions are to be asked sequentially during the course of a disability determination.  20 C.F.R. §§ 404.1520, 1520a (1988).   An ALJ must consider (1) whether the claimant is engaged in

substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## III. FACTUAL BACKGROUND

The Plaintiff was born on March 24, 1969, and was 41 years old on the date of the hearing before the ALJ. (Tr. 29, 108). Plaintiff has a limited education and past work experience as a dishwasher.

## IV. ARGUMENTS

Plaintiff argues the ALJ failed to explain the weight given to opinion evidence when she disregarded all of the treatment notes from Charleston Mental Health ("CMH") in deciding that Plaintiff did not meet a listing. Plaintiff asserts that the ALJ took issue with the findings of Dr. Christie in the CMH notes that he suffered from "marked" limitations in the three relevant areas of mental functioning. Plaintiff argues that the ALJ gave no reason for finding that the opinions of both "Dr. Christie and Dr. Greco" should be ignored while giving weight to the opinion of a one-time consulting examiner, Dr. Custer, who provided only limited findings and conclusions. Plaintiff contends that the notes from CMH indicate that his paranoia and hallucinations have persisted despite compliance with medication and he consistently presented with a range of limiting

symptoms. Plaintiff argues the ALJ failed to apply the factors as required when determining the weight to give a medical opinion. Defendant argues the ALJ properly evaluated the medical opinion evidence and explained why she gave only limited weight to Dr. Christie's opinion. Defendant asserts the ALJ considered Dr. Christie's opinion that he met the criteria for Listing 12.03 but found it not persuasive because it was inconsistent with the progress notes and other evidence of record.

The opinion of a physician will be given controlling weight if it is supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d) (1997); Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996) (holding that although not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it.); Mitchell v. Schweiker, 699 F.2d 185 (4th Cir.1983) (holding a treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.").

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6). Specifically, pursuant to 20 C.F.R. § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must then consider the weight to be given to the physician's opinion by applying the following five factors: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician

is a specialist in the area in which he is rendering an opinion. 30 C.F.R. 404.1527(d)(2) (i-ii) and (d)(3)-(5).

Furthermore, Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p, 1996 WL 374188. As stated in Social Security Ruling 96-2p:

> A finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2006). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.1974).

The ALJ concluded the following with regard to the evidence and opinion of treating physician Dr. Scott D. Christie:[1]

---

[1] It appears Robert Greco completed the form and Scott Christie signed the form. (Tr. 288). Also noted on the form was that "both psychosis and PTSD interplay and make it very difficult to interact appropriately" along side the conclusion that Plaintiff had marked difficulties in maintaining social functioning, concentration, persistence or pace or repeated episodes of decompensation, each of extended duration. (Tr. 288). Since Dr. Christie signed the form, it will

7

The claimant's treating physician at Charleston Area Mental Health, Dr. John Christie, provided a medical statement dated September 2010 wherein he indicated that the claimant's impairments meet the criteria set forth in Listing 12.03. The undersigned notes that the physician's opinion in this regard is inconsistent with his own progress notes. Specifically, the treatment notes show that the claimant's GAF scores generally have ranged between 55-59. Likewise, the physician's opinions that the claimant suffers from marked restrictions in activities of daily living, maintaining social functioning, and maintaining concentration, persistence or pace have been accorded limited weight as they are inconsistent with the objective medical evidence of record and the claimant's presentation upon routine examination.

(Tr. 15).

The ALJ went on to discuss the opinions of the non-treating, non-examining physicians from the State Disability Determination Services, Lisa Varner, Ph.D and Michael Neboschick, Ph.D., and gave their opinions "considerable weight" finding their opinions were "well supported by the weight of the objective medical evidence or record." (Tr. 15). As to the opinion of the one time consultative mental examination by Dr. Custer[2] on February 16, 2010, the ALJ concluded as follows:

In terms of the claimant's alleged impairments, he has been diagnosed with, and received mental health therapy for schizophrenia and PTSD.

---

be referred to as the opinion of Dr. Christie for purposes of this Order.

[2] After the one time consultative examination, Dr. Custer's prognosis was psychotic disorder, antisocial personality traits, and cannot rule out borderline intellectual functioning. (Tr. 211-213). As for the prognosis, Dr. Custer stated the following:
This claimant was seen for the purposes of a mental status examination as ordered by the Disability Determination Service. He give[s] a history of having some psychotic symptoms. It appears as though these have responded to medication. As long as he is compliant with medication it is likely that his symptoms will stabilize. He may benefit from vocational rehabilitation or to further his education. I would say that he is not able to manage his own finances.

(Tr. 213).

He presented to Dr. Custer for consultative mental status examination in February 2010. The claimant reported auditory hallucinations and a history of suicide attempts. He denied having any urges to hurt himself at the time of the examination, saying that his medication had helped in that regard. Dr. Custer noted that the claimant answered questions in a somewhat guarded manner and appeared to be intentionally witholding information, his motor activity was somewhat slowed down and his affect was restricted. On cognitive exam, the claimant was fully alert and oriented. Although he had some difficulty with portions of the exam, Dr. Custer indicated that he gave a rather halfhearted effort on parts of the exam.

. . .

As for the opinion evidence, Dr. Custer concluded that, based on his examination of the claimant, he had responded well to medication and his symptoms would likely stabilize so long as he remained compliant with his medication. The undersigned has accorded considerable weight to Dr. Custer's opinions in this regard as they are consistent with his own clinical findings and well supported by the weight of the evidence or record.

(Tr. 14-15).

A finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions still are entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight. In this case, the ALJ noted that he was giving "limited weight" to the opinion of Dr. Christie but did not discuss which particular findings or opinions he was according "limited weight" and why.

Dr. Christie signed a Medical Opinion Form on September 21, 2010, which indicated Plaintiff met the criteria for Listing 12.03 for Schizophrenia due to Plaintiff's persistent hallucinations, emotional withdrawal and/or isolation with marked restriction of activities of daily living; difficulties maintaining social functioning; and difficulties in maintaining concentration, persistence or pace. It was indicated that Plaintiff's symptoms met the listing-level severity and that he suffered from Post-Traumatic Stress Disorder. (Tr. 288). Furthermore, the notes from CMH indicated that despite compliance with his medication, his symptoms remained unchanged (Tr. 282) and he continued to present with hallucinations and paranoia. The ALJ did not give any reason why he found the notes inconsistent with the opinion of the treating physician other than to cite to the GAF score. Additionally, there are no other inconsistent reports for there are no other treating physician's reports in the record.

As previously discussed, the medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. § 416.927(d)(2); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir.1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178 (*citing* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992)). The ALJ must, however, explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion. Social Security Ruling (SSR) 96–2p; see also 20 C.F.R. § 404.1527(d)(2) (outlining factors

an ALJ must consider when determining what weight to give a treating physician's opinion)[3]. "Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason." Richardson v. Dir., Office of Workers' Comp. Programs, United States DOL, 94 F.3d 164, 168–69 (4th Cir.1996) (quoting King v. Califano, 615 F.2d 1018, 1020 (4th Cir.1980)).

This court rejects the Commissioner's argument that the ALJ properly evaluated and weighed Dr. Christie's opinions. While the Commissioner cites to evidence and arguments in support of the ALJ rejecting Dr. Christie's opinion, the ALJ, not the Commissioner, must explain why a treating physician's opinion is discounted or rejected. By the Commissioner setting forth the reasons, it is a post-hoc rationalization, which the Court cannot consider. See Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir.2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir.2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ."). The ALJ stated only that he accorded limited weight to Dr. Christie's conclusion stating that the notes were not consistent with the conclusions. The ALJ appeared to mainly rely on the GAF scores being in the 50's which indicates moderate limitations not marked limitations without considering all the other notes and conclusions from CMH.

---

[3] As set forth above, the factors include the length of the treatment relationship; the frequency of examinations; the nature and extent of the treatment relationship; support of the opinion afforded by medical evidence; consistency of the opinion with the record as a whole; and specialization of the treating physician. 20 C.F.R. § 404.1527(d).

Based on the above, the Court cannot determine if there was substantial evidence to support the ALJ's decision based on an improper analysis of the treating physician's opinions. Therefore, this case is remanded for the ALJ to reconsider the opinion of Dr. Christie in accordance with 20 C.F.R. §§ 404.1527(d)(2) (i-ii) and (d)(3)-(5) and Ruling 96-2. The requirement that an ALJ must give specific reasons for discounting a treating physician's testimony is well-established. The Agency has ruled that "the notice of the determination or decision . . . must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Social Security Ruling 96-2p. The undersigned cannot address the remaining issues until the ALJ conducts a proper analysis of the treating physician's opinions with regard to Plaintiff's limitations and his ability to return to his past relevant work. Once the ALJ conducts a proper analysis with respect to the treating physicians' opinions, he should reassess Plaintiff's credibility and RFC for a proper review. The court refrains from reviewing any further contentions at this time.[4]

## V. CONCLUSION

Based on the above reasons and pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

---

[4] See Townsend v. Astrue, 2011 WL 4055402 (D.S.C. Sept. 12, 2011) *citing* Hancock v. Barnhart, 206 F. Supp.2d 757, 763-764 (W.D.Va. 2002) (on remand, the ALJ's prior decision as no preclusive effect, as it is vacated and the new hearing is conducted *de novo*);.

ORDERED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

AND IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 5, 2012
Florence, South Carolina